UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL ERIC PUGH,

    Petitioner,

v.

S. HATTON,

    Respondent.

Case No. 17-cv-01400-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner has filed a habeas petition challenging the same state convictions he challenged in a prior (and now closed) habeas action, *Pugh v. Falkner*, No. C 07-03579 VRW. The instant petition will be dismissed as second or successive to the prior petition. If petitioner wishes to file a successive habeas petition, he must obtain permission from the Ninth Circuit Court of Appeals.

## BACKGROUND

Petitioner's prior petition was dismissed as untimely, and judgment was entered in favor of respondent, in June 2008. (*Pugh*, No. C 07-03579 VRW, Dkt. Nos. 10 and 11.) It appears petitioner did not appeal the judgment.

## DISCUSSION

The petition will be dismissed as second or successive. As noted, in 2007 petitioner filed a petition regarding the same convictions at issue in the instant action, which was dismissed as untimely. A dismissal for untimeliness "constitutes a disposition on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Therefore, a "further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *Id.*

In order to file a second or successive petition, petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not shown that he has received such authorization. Accordingly, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

## CONCLUSION

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals. If petitioner wishes to file a second or successive habeas petition, he first must obtain permission from the Ninth Circuit Court of Appeals.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 22, 2017

RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
CASE NO. 17-cv-01400-RS

2